IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

POWHATAN COUNTY SCHOOL
BOARD,

    Plaintiff,

v.                                      Civil Action No. 3:24cv216

JOHN AND KATHY HALVORSEN,
as Parents and Next Friends
of A.H., and KANDISE LUCAS,

    Defendants.

MEMORANDUM OPINION

This matter is before the Court on DEFENDANT LUCAS' ANSWER, MOTION TO DISMISS, AND COUNTERCLAIM (ECF No. 12);[1] the PLAINTIFF'S MOTION TO DISMISS ANY COUNTERCLAIM BY KANDISE LUCAS (ECF No. 15); the MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS ANY COUNTERCLAIM BY KANDISE LUCAS (ECF No. 16); the PLAINTIFF'S RESPONSE TO DEFENDANT KANDICE LUCAS'S MOTION FOR RULE 11 SANCTIONS (ECF No. 18); SANDS ANDERSON'S MOTION TO DISMISS ANY COUNTERCLAIM BY KANDISE LUCAS (ECF No. 19); the MEMORANDUM IN SUPPORT OF SANDS ANDERSON'S MOTION TO DISMISS ANY COUNTERCLAIM BY KANDISE LUCAS (ECF No. 20); and SANDS ANDERSON'S RESPONSE TO KANDISE LUCAS'S

---

[1] Lucas filed all three (Answer, Motion to Dismiss, and Counterclaim) as one pleading. That is improper. So, to conform that pleading to appropriate practice, the so-called "Answer" and "Counterclaim" have been designated as ECF No. 12. The so-called "Motion to Dismiss" has been designated as ECF No. 13.

MOTION FOR RULE 11 SANCTIONS (ECF No. 22). For the reasons set forth below, DEFENDANT LUCAS' ANSWER, MOTION TO DISMISS, AND COUNTERCLAIM (ECF Nos. 12 and 13) will be stricken. Because ECF Nos. 12 and 13 are to be stricken, the PLAINTIFF'S MOTION TO DISMISS ANY COUNTERCLAIM BY KANDISE LUCAS (ECF No. 15) and SANDS ANDERSON'S MOTION TO DISMISS ANY COUNTERCLAIM BY KANDISE LUCAS (ECF No. 19) will be denied as moot; and the PLAINTIFF'S RESPONSE TO DEFENDANT KANDICE LUCAS'S MOTION FOR RULE 11 SANCTIONS (ECF No. 18) and SANDS ANDERSON'S RESPONSE TO KANDISE LUCAS'S MOTION FOR RULE 11 SANCTIONS (ECF No. 22) also will be denied as moot.

## BACKGROUND

This case arises under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, and its implementing federal and state regulations, 34 C.F.R. Part 300 and 8 Va. Admin. Code 20-81-10 *et seq.* The Halvorsens are the parents of a thirteen-year-old, A.H., who is eligible to receive special education and related services as a student with a disability under the IDEA. Compl. ¶ 10.

Disputes have arisen between the Halvorsens and their Special Education Advocate, defendant Kandise Lucas, on one hand, and the Powhatan County School Board ("PCSB"), on the other, about the implementation of A.H.'s Individualized Education Program ("IEP") under the IDEA. Under the IDEA, any dispute about an IEP can be

2

resolved in a so-called "due process hearing" wherein the school officials (and their lawyers) and the parents (by their layers or Special Education Advocate) may present evidence to an administrative hearing officer who thereafter receives briefs and issues a decision.

An IEP agreed upon on May 17, 2021 placed A.H. in public school. Compl. ¶ 14. On November 18, 2021, at the instance of PCSB, the defendants and PCSB met to propose amending A.H.'s IEP to place him in a private, special education school. Id. ¶ 12. Under the PCSB proposal, A.H. was to receive fifteen hours per week of home-based instruction until the placement in a private school could be arranged. Id. However, under 8 Va. Admin. Code 20-81-170(E)(1)(d), PCSB could not implement the new IEP without written parental consent from the Halvorsens. Id. The Halvorsens objected to parts of the amended IEP and did not provide written consent.

On February 28, 2022, the Halvorsens, represented by Lucas, initiated their first due process hearing pursuant to 8 Va. Admin. Code 20-81-210(A), asserting that they had given consent and demanding A.H.'s placement in private school of their selection, rather than the private school selected by PCSB. Compl. ¶ 13. In particular, on March 13, 2021, the Halvorsens and Lucas emailed to PCSB a copy of the November 18, 2021 IEP, purportedly providing their consent and signatures, but with numerous handwritten modifications and conditions (such as consenting only to A.H.'s

3

placement in one specific private school that was different than the one proposed by PCSB.[2] Compl. ¶ 15. On May 13, 2022, a Hearing Officer ruled in favor of PCSB, finding that "the parents ha[d] not provided clear consent to any part of the November 18, 2021 IEP Amendment. Therefore, PCSB could not implement [it]." Compl. ¶ 14; ECF No. 7-13 at 13.

The Halvorsens could have appealed that decision, but they did not. Instead, the Halvorsens, represented by Lucas, filed nine more due process hearing requests based on the same operative body of facts as the initial February 28, 2022 due process hearing request. Compl. ¶ 17. A September 11, 2022 Hearing Officer's decision resolved due process hearings two, four, and six in favor of PCSB by finding that "[PCSB's] request for the parents to sign the . . . consent form [was] reasonable. . . . [A]ny delay in the implementation of the . . . placement has been caused by the parents' uncooperativeness . . . . The delay in implementation of the . . . placement has not been caused by [PCSB]." ECF No. 7-14 at 22.[3] Two separate hearing decisions disposed of due process

---

[2] The selection of the child's educational environment is an administrative decision. See Barnett ex rel. Barnett v. Fairfax Cnty. Sch. Bd., 927 F.2d 146, 153 (4th Cir. 1991).

[3] The Complaint erroneously claims that "a decision dated August 25, 2022 . . . resolved due process hearing requests 2, 3, 4, 5, and 6 . . . ." Compl. ¶ 18. It cites Ex. 13 to the Complaint, filed in this case as ECF No. 7-14. ECF No. 7-14 is, in fact, a decision dated September 11, 2022 (respecting a hearing that occurred August 24-25, 2022), which explicitly says that it resolves requests two,

4

hearings three and five on June 28, 2022 and July 19, 2022, respectively. Id. at 1 n.1. A September 12, 2022 Hearing Officer's decision resolved due process hearing seven, largely on grounds of res judicata, based on the September 11, 2022 decision. Compl. ¶ 19; ECF No. 7-15 at 5. There, as in the September 11, 2022 decision, the Hearing Officer found that "any delay in placement was caused by the parents, not [PCSB]." Compl. ¶ 19; ECF No. 7-15 at 3.

On November 10, 2023, the Halvorsens, again represented by Lucas, filed the eighth due process hearing request, alleging the same operative facts and seeking substantially the same relief as had been presented in the preceding seven requests for due process hearings. Compl. ¶ 22; ECF No. 7-9. In a decision dated January 3, 2024, the Hearing Officer found for PCSB on twenty of twenty issues presented in the Halvorsens' request. Compl. ¶ 22; ECF No. 7-11. The Hearing Officer disposed of most proposed issues on res judicata and/or collateral estoppel grounds, and, on others, found that the requested relief was beyond the Hearing Officer's jurisdiction or capability. See generally ECF No. 7-11. On Proposed Issue Eight, "[w]hether Respondent failed to properly monitor the [s]tudent's progress while he [was] at [school]," the Hearing

---

four, and six. ECF No. 7-14 at 1. In a footnote, though, that decision refers to two other hearing decisions, apparently not included in the record, disposing of requests three and five on June 28, 2022 and July 19, 2022, respectively. ECF No. 7-14 at 1 n.1.

5

Officer first found that the issue was barred by res judicata, but went on to find that:

> <u>Nevertheless</u>, the LEA is <u>obligated</u> to <u>comply</u> with the requirements of 8 [Va. Admin. Code] <u>20-81-150</u> Private school placement [sic]. Section C addresses parentally placed private school children with disabilities. The LEA's obligations include, for example, developing a service plan, consult[ing] with private school representatives and representatives of the parents during the design and development of special education and related services, [and] ensur[ing] services provided meet the same standards as personnel providing services in public schools, transportation, procedural safeguards, etc. <u>The LEA is ordered to comply with the requirements of 8 [Va. Admin. Code] 20-81-150</u>.

<u>Id.</u> at 11 (emphasis added). The record suggests that this holding was based on the Hearing Officer's conclusion that, on the record before him, it was unknown whether PCSB was complying with these requirements; and, for that reason, it appears that the Hearing Officer ordered PCSB "to comply with the requirements of 8 [Va. Admin. Code] 20-81-150" <u>id.</u> at 14, while at the same time dismissing Proposed Issue Eight, and the rest of the eighth hearing request in all other respects.

Then, on January 26, 2024, the Halvorsens, represented by Lucas, filed a ninth due process hearing request. Compl. ¶ 24. According to PCSB, that hearing request has since been dismissed

6

too.[4] The Halvorsens, represented by Lucas, filed a tenth complaint but it too was dismissed, on March 22, 2024. ECF No. 6 at 1 n.1.

On March 1, 2024, PCSB filed, in the Circuit Court of Powhatan County, a Complaint against defendants John Halverson, Kathy Halvorsen, and Kandise Lucas. COMPLAINT AND REQUEST FOR INJUNCTION AND ATTORNEYS' FEES ("Complaint") (ECF No. 1-2). The Complaint sought: relief from the January 3, 2024 Hearing Officer's decision, pursuant to Va. Code § 22.1-214(D), ordering PCSB to "comply with 8 [Va. Admin. Code] 20-81-150" even though the Hearing Officer found in favor of PCSB on all factual issues (Count I); a preliminary injunction pausing a ninth, then-pending due process hearing request initiated by the defendants (Count II);[5] a prefiling injunction against the filing of any future due process hearing requests (Count III); and an award of attorneys' fees for defending the previous due process hearings that the Halvorsens, at the insistence of Lucas, had brought because those proceedings were frivolous (Count IV). Compl. ¶¶ 27-45.

---

[4] That prompted PCSB voluntarily to dismiss Count II in this case, which sought the preliminary injunction to pause the proceedings in request number nine. RESPONSE IN OPPOSITION TO THE HALVORSENS' MOTION TO DISMISS (ECF No. 6) at 1 n.1; NOTICE OF VOLUNTARY DISMISSAL OF COUNT II (ECF No. 5).

[5] Count II was voluntarily dismissed because, after the Complaint was filed, the ninth hearing request was dismissed. NOTICE OF VOLUNTARY DISMISSAL OF COUNT II (ECF No. 5).

7

On March 22, 2024, Kathy and John Halvorsen,[6] as parents and next friends of A.H., filed a NOTICE OF REMOVAL (ECF No. 1), removing this case from the Circuit Court for Powhatan County, Virginia to this Court, alleging subject matter jurisdiction under 28 U.S.C. §§ 1331, 1441, and 1446. Thereafter, the Halvorsens filed the Motion.

In response to the claims asserted by PCSB, Lucas filed DEFENDANT LUCAS' ANSWER, MOTION TO DISMISS, AND COUNTERCLAIM (ECF Nos. 12 and 13). That document is not proper as an Answer, a Motion to Dismiss, or a Counterclaim. Indeed, it is a disjointed, rambling aggregation of words that violate the fundamental rules of pleading fixed by the Federal Rules of Civil Procedure.

The PCSB said of Lucas' filing:

> The apparent multipurpose nature of the filing, along with its lack of coherence and its failure to comply with applicable Rules and practices of this Court makes crafting a response somewhat difficult. As far as PCSB is concerned, however, it seems that Lucas has attempted to do three things: answer the complaint against her; assert a counterclaim against PCSB; and move for sanctions against Sands Anderson.

ECF No. 16, p. 1. As explained below, even that generous reading is both an understatement and is wrong.

---

[6] The third defendant, Kandise Lucas, is not represented by counsel for the Halvorsens and is not a party to the Motion, but who agreed to removal. ECF No. 1 ¶ 4.

DISCUSSION

The Federal Rules of Civil Procedure establish the rules of pleading in federal court. As applicable here, those rules are straightforward and easily understood.

Lucas says that she is proceeding *pro se*.[7] So, as required by our Court of Appeals, her pleadings are to be construed with leniency and understanding. But, even that grace cannot save the potpourri of rambling, invective prose that Lucas has visited upon the parties and the Court in DEFENDANT LUCAS' ANSWER, MOTION TO DISMISS, AND COUNTERCLAIM (ECF Nos. 12 and 13).

As PCBS has observed, DEFENDANT LUCAS' ANSWER, MOTION TO DISMISS, AND COUNTERCLAIM (ECF Nos. 12 and 13) is inappropriately captioned as a multipurpose pleading: an Answer, a Motion to Dismiss, and a Counterclaim. That is not permissible and ECF Nos. 12 and 13 could be stricken for that reason alone. However, because Lucas is a *pro se* defendant, each putative purpose will be considered in turn.

A. **ECF No. 12 As An Answer**

Fed. R. Civ. P. 8(b)(1) specifies that:

---

[7] Lucas has not filed the certificates required by Local Civil Rule 83.1(M)(2) which provides: "[a]ll litigants who are proceeding *pro se* shall certify in writing and under penalty of perjury that a document(s) filed with the Court has not been prepared by, or with the aid of, an attorney or shall identify any attorney who has prepared, or assisted in preparing, the document."

9

>   (1) <u>In General</u>. In responding to a pleading [such as a Complaint], a party <u>must</u>:
>       (A) state in <u>short and plain</u> terms its defenses to each claim asserted against it; and
>       (B) admit or deny the allegations asserted against it by an opposing party.

(emphasis added) And Fed. R. Civ. P. 8(d)(1) directs that: "[e]ach allegation must be simple, concise and direct."

Fed. R. Civ. P. 10(b) is entitled <u>Paragraphs; Separate Statements</u>. It requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Rule 10(b) applies to Complaints, Answers to Complaints, and Counterclaims.

The Complaint complies with Rules 8(b)(1), 8(d)(1) and 10(b). DEFENDANT LUCAS' ANSWER, MOTION TO DISMISS, AND COUNTERCLAIM (ECF Nos. 12 and 13) does not.

To the extent that the purpose of ECF No. 12 is to be the Answer the Complaint, it fails these fundamental commands because it is neither "simple" nor "direct" nor does it "admit or deny" the allegations made in the Complaint. And, it certainly does not set forth, in "short and plain terms," any defenses. Nor does it address, paragraph by paragraph, the allegations in the Complaint.

To the contrary, as an Answer, ECF No. 12 is convoluted, verbose, obscure, evasive, and confused. Moreover, because it does not deny any of the allegations of the Complaint, Fed. R.

10

Civ. P. 8(a)(6) would permit the Court to find that the allegations of the Complaint are admitted. If a lawyer had presented ECF No. 12 as an Answer that, indeed, would be the result. However, because Lucas purports to be proceeding *pro se*,[8] she must be accorded reasonable leniency.

Accordingly, and because ECF No. 12 fails as an Answer, it will be stricken and Lucas will be allowed to file an Answer to PCSB's forthcoming Amended Complaint.[9] That Answer must comply with the above cited procedural rules governing federal pleading. In that regard, Lucas is instructed that the Answer must address each allegation in the Complaint as made in each of the Complaint's numbered paragraphs by simply, concisely, and directly admitting each or denying each.[10] If she has affirmative defenses, she must follow the requirements of Fed. R. Civ. P. 8(c), remaining mindful that the pleading of any affirmative defense must, as explained above, be done in accord with the rules set by Fed. R. Civ. P. 8(b)(1)(A) and (B) and Fed. R. Civ. P. 8(d)(1). Lucas is advised

---

[8] The format and some of the text of ECF No. 12 suggest that a lawyer may have authored part of the content. Therefore, Lucas will be required upon filing an Answer to file the certificate required by Local Civil Rule 83.1(M)(2).

[9] By MEMORANDUM OPINION (ECF No. 24) and ORDER (ECF No. 25), PCSB was directed to file an Amended Complaint.

[10] Of course, she can rely on Fed. R. Civ. P. 8(a)(4) to admit only a part of an allegation or on Fed. R. Civ. P. 8(a)(5) if she lacks sufficient knowledge or information to form a belief about the truth of an allegation.

that any affirmative defense must be set out in a separate section of the Answer that is labeled "Affirmative Defenses" that follows the actual paragraph by paragraph responses to the numbered paragraphs of the forthcoming Amended Complaint. And, each defense must be separately set out (simply and directly) in a separate numbered paragraph.

B.   **ECF No. 12 As A Counterclaim**

The second putative purpose of ECF No. 12 is said to be a Counterclaim. Fed. R. Civ. P. 13 governs Counterclaims. The rule makes clear that a counterclaim is a claim asserted against "an opposing party." Having carefully studied ECF No. 12, the Court cannot discern a Counterclaim against PCSB, the opposing party in this case. The Court is mindful that PCSB perceived that it was the object of the Counterclaim to which ECF No. 12 alludes. That, however, does not seem to be what ECF No. 12 actually says. Instead, ECF No. 12 seems to levy charges (and no small amount of vitriol) against Sands Anderson, PCSB's counsel, and it seeks sanctions against the law firm.

If that is its intent, then ECF No. 12 fails as a Counterclaim because Sands Anderson is not a party to this action. If it is the intent of ECF No. 12 to proceed against PCSB, the Court cannot perceive the nature of the putative Counterclaim and it fails as a Counterclaim for that reason.

The difficulty arises because of the same problems identified in Section A above when assessing ECF No. 12 as an Answer. There is nothing to be gained from once again discussing the pleading faults identified in Section A. So, the putative Counterclaim will be stricken and dismissed, without prejudice.

And, because Lucas is afforded leave to file an Answer to the Amended Complaint, she can, if she discerns a legal basis therefor, file a Counterclaim against PCSB that comports with the pleading requirements of Fed. R. Civ. P. 8(a)(1), (2), and (3) which provides:

> (a) **Claim for Relief.** A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

To the extent that the Counterclaim (ECF No. 12) is intended to seek sanctions against PCSB, the Counterclaim fails to comply with the requirements of Fed. R. Civ. P. 11(c)(1), (2), and (4). Thus, if the purpose is to seek sanctions against PCSB, it will be denied for failure to satisfy those rules.

13

C.  ECF No. 13 As A Motion To Dismiss

A motion to dismiss a Complaint for legal insufficiency is made pursuant to Fed. R. Civ. P. 12(b)(6). The party seeking dismissal of all or part of a Complaint must explain why the Complaint, or a part of it, fails to state a claim upon which relief can be granted under the standards set for measuring the legal sufficiency of a claim or claims. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007).

It is simply not possible to discern from ECF No. 13 why Lucas considers the Complaint in this case to be legally insufficient. However, there are parts of ECF No. 13 that seem to be taken from the brief filed by the Halvorsen defendants in support of their motion to dismiss the Complaint (ECF No. 8).

The Court has issued a MEMORANDUM OPINION (ECF No. 24) addressing the Halvorsens' motion; and, therein, the Court required PCSB to replead Count I and denied the motion to dismiss Counts III and IV.[11] To do that, PCSB must file an Amended Complaint. To the extent that any sense can be made of the arguments made by Lucas in ECF No. 13, they seem to be resolved by that MEMORANDUM OPINION (ECF No. 24). So, to the extent that ECF

---

[11] Count II was voluntarily dismissed.

14

No. 13 is a Motion to Dismiss, it is denied as moot because PCSB will be filing an Amended Complaint.

If Lucas desires to file a motion to dismiss the forthcoming Amended Complaint, such motion cannot be included with the Answer or with any other pleading. She is also referred to Local Civil Rule 7 which governs the filing of motions.

## CONCLUSION

For the foregoing reasons, DEFENDANT LUCAS' ANSWER, MOTION TO DISMISS, AND COUNTERCLAIM (ECF Nos. 12 and 13) will be stricken and Lucas will be permitted to file an Answer to the forthcoming Amended Complaint. And, if she desires to file a Motion to Dismiss or a Counterclaim, she must proceed as instructed and as required by the applicable Federal Rules of Civil Procedure.

Lucas has been "enjoined from participating in any way, directly or indirectly, in any case filed in this Court under" the IDEA.[12] Lucas was named as a defendant (an act beyond her control); and, therefore, the injunction does not operate to preclude her from defending herself.[13] But, the injunction does prohibit Lucas from asserting any positions on behalf of the Halvorsens. And, in the putative Counterclaim (ECF No. 12), Lucas appears to be doing

---

[12] Henrico Cnty. Sch. Bd. v. Matthews, Civil Action No. 3: 18-cv-110 (ECF Nos. 221 and 222).

[13] That is true even though she consented to removal.

15

just that. So, if, in response to the forthcoming Amended Complaint, Lucas files a Counterclaim, she may not present any claims that are not solely her own.

The Clerk is directed to send a copy of this MEMORANDUM OPINION to Kandise Lucas.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August 21, 2024